

# NUMBER 13-26-00190-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE GERMANIA FARM MUTUAL INSURANCE ASSOCIATION

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Silva[1]**

By petition for writ of mandamus, relator Germania Farm Mutual Insurance Association (Germania) asserts that the trial court[2] abused its discretion by: (1) striking Germania's plea in intervention; and (2) denying Germania's motion to dismiss the claims

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."), *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."), *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number CL-24-1202-D in the County Court at Law No. 4 of Hidalgo County, Texas, and the respondent is the Honorable Federico Garza Jr. *See id.* R. 52.2.

against its agent Roger Luke Galovich under Chapter 542A of the Texas Insurance Code. *See* Tex. Ins. Code §§ 542A.001–.007 (governing certain consumer actions related to claims for property damage). We conditionally grant the petition for writ of mandamus.

## I.  BACKGROUND

Real party in interest Hector Hernandez is the named insured on a property insurance policy issued by Germania. Hernandez asserted that a hailstorm occurred on April 21, 2023, causing damage to his roof, fence, tool shed, lamp post, light fixture, patio windows, doors, and landscaping, as well as food spoilage. He submitted a claim for these damages to Germania, and Germania assigned its employee Galovich to inspect the property and investigate Hernandez's claim. Germania ultimately issued payment to Hernandez in the amount of $21,055.86.

On March 14, 2024, Hernandez filed a lawsuit against Galovich alleging that he "conducted a substandard inspection of the property" and "failed to thoroughly document all of the covered damages." Hernandez asserted that, as a result, his "claim was improperly adjusted, inadequately paid, and wrongfully denied." In his second amended petition filed on May 14, 2025, Hernandez asserted causes of action against Galovich for violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act. Hernandez stated that he was filing "only tort claims" against Galovich and was not alleging a claim for breach of contract or seeking to recover policy benefits. Hernandez did not name Germania as a defendant in this lawsuit.

On August 21, 2025, Germania filed a plea in intervention. Germania asserted that on October 3, 2024, it had invoked its statutory election to accept whatever liability

2

Galovich might have to Hernandez under Texas Insurance Code Section 542A.006(A).

*See id.* Germania further alleged, in relevant part, that:

13. Germania has a justiciable interest in this lawsuit and is seeking to intervene, as its interests are affected by the litigation and the claims of [Hernandez] against [Galovich]. The interest asserted by the intervenor may be legal or equitable.

14. A party may intervene in a suit if the action had been brought against him, he would be able to defeat recovery, or some part thereof.

15. As [Hernandez's] insurer, Germania is allowed to intervene in this case as it has a requisite interest in the case in that it is or may be liable to [Galovich] for any judgment rendered against him and the existing parties do not adequately represent the insurer's interest.

16. The damages [Hernandez] seeks from [Galovich] only exist because of [Hernandez's] insurance policy issued by Germania. Germania employed and authorized [Galovich] for the handling of the claim [Hernandez] contends give rise to his causes of action against [Galovich]. As such, Germania has a justiciable interest in and is entitled to intervene in this lawsuit.

(Internal citations omitted). Germania also explained that it had invoked its statutory election to accept whatever liability Galovich might have to Hernandez under Section 542A.006(A). *See id.* Thereafter, on August 29, 2025, Germania filed a motion to dismiss the claims against Galovich with prejudice pursuant to Section 542A.006(A). *See id.*

On September 19, 2025, Hernandez filed a combined motion to strike Germania's intervention and response to Germania's motion to dismiss the claims against Galovich. Hernandez asserted that Germania's "intervention is unnecessary and improper" because, *inter alia*, Hernandez could assert claims against Galovich individually without joining Germania; Hernandez was not filing contractual claims or seeking policy benefits; and Germania's election to assume Galovich's liability was ineffective because "the statute requires the insurer to be a party to the action to make such an election." On

3

September 26, 2025, and October 22, 2025, Germania filed additional pleadings in support of its intervention and motion to dismiss.

On November 17, 2025, the trial court signed an order granting Hernandez's motion to strike, striking Germania's plea in intervention, and denying Germania's motion to dismiss Galovich from the lawsuit. Germania subsequently filed a motion for reconsideration of these rulings, and Hernandez filed a response thereto. On February 2, 2026, the trial court denied Germania's motion for reconsideration.

This original proceeding ensued. Germania asserts that the trial court abused its discretion by striking its plea in intervention and denying its motion to dismiss Galovich from the lawsuit. This Court ordered Hernandez to file a response to the petition for writ of mandamus, and Hernandez duly filed a response. *See* TEX. R. APP. P. 52.4, 52.8. Germania filed a reply thereto. *See id.* R. 52.5.

## II.    STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

4

### III. PLEA IN INTERVENTION

In its first issue, Germania asserts that the trial court abused its discretion by granting Hernandez's motion to strike Germania's plea in intervention. Germania alleges that: (1) parties with a justiciable interest in a pending lawsuit may intervene as a matter of right; (2) it has a justiciable interest in the lawsuit based on its acceptance of Galovich's liability under Section 542A.006; and (3) "[t]his Court has repeatedly held that when an insurer elects to accept liability for its agent under [S]ection 542A.006(a), the trial court clearly abuses its discretion when it refuses to allow the insurer to intervene." Hernandez asserts that the trial court correctly struck Germania's petition in intervention because Germania's purported election under Section 542A.006 was "a legal nullity." Hernandez argues that Texas Insurance Code Chapter 542A does not apply to this "adjuster-only tort suit," and if it did, Germania, as a nonparty to the lawsuit, lacked the statutory authority to make such an election. Hernandez thus asserts that Germania lacks a justiciable interest in the lawsuit.

#### A. Intervention

"Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." TEX. R. CIV. P. 60; *see Farmers Grp., Inc. v. Geter*, 620 S.W.3d 702, 713 (Tex. 2021). Rule 60 "authorizes a party with a justiciable interest in a pending suit to intervene in the suit as a matter of right." *Nghiem v. Sajib*, 567 S.W.3d 718, 721 (Tex. 2019) (quoting *In re Union Carbide Corp.*, 273 S.W.3d 152, 154 (Tex. 2008) (orig. proceeding) (per curiam)). An intervenor possesses a justiciable interest when it "could have brought the same action, or any part thereof, in [its] own name, or, if the action had been brought against [it], [it] would be able to defeat

5

recovery, or some part thereof." *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990) (op. on reh'g); *see Smith v. City of Garland*, 523 S.W.3d 234, 241 (Tex. App.—Dallas 2017, no pet.). "[I]ntervenors can occupy the position of a defendant where their claims and prayer align them with the defendant and pit them directly against the plaintiff, even if no parties assert claims against them." *In re Ford Motor Co.*, 442 S.W.3d 265, 275 (Tex. 2014) (orig. proceeding). When "a judgment for the plaintiff may lead to an action against the intervenor or otherwise seriously prejudice the intervenor, the intervention is necessary to assure a proper defense against the claim." *Jenkins v. Entergy Corp.*, 187 S.W.3d 785, 797 (Tex. App.—Corpus Christi–Edinburg 2006, pet. denied); *see Evan's World Travel, Inc. v. Adams*, 978 S.W.2d 225, 234 (Tex. App.—Texarkana 1998, no pet.); *see also De La Rosa v. Avery*, No. 12-23-00112-CV, 2023 WL 7178022, at *3 (Tex. App.—Tyler Oct. 31, 2023, no pet.) (mem. op.). This is true even when the intervenor has not or could not be sued directly. *Jenkins*, 187 S.W.3d at 797; *Evan's World Travel, Inc.*, 978 S.W.2d at 234; *see also De La Rosa*, 2023 WL 7178022, at *3. We review the trial court's ruling on a motion to strike an intervention for an abuse of discretion. *Farmers Grp., Inc.*, 620 S.W.3d at 713; *Ins. Co. of State of Pa. v. Neese*, 407 S.W.3d 850, 853 (Tex. App.—Dallas 2013, no pet.).

## B.     Texas Insurance Code Section 542A.006

Germania asserts that it possesses a justiciable interest in the case because it has accepted any liability that Galovich might have to Hernandez under Texas Insurance Code Section 542A.006. *See* TEX. INS. CODE § 542A.006. In contrast, Hernandez asserts, *inter alia*, that Chapter 542A does not apply to this case because Germania is not a party to the action at issue.

6

Texas Insurance Code Chapter 542A applies to actions involving first-party insurance claims arising from damage caused by hail and wind. *See id.* §§ 542A.001(2), .002(a); *Advanced Indicator & Mfg., Inc. v. Acadia Ins.*, 50 F.4th 469, 474 (5th Cir. 2022) (per curiam). Subject to certain limitations that are not applicable here, this section provides that "an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." TEX. INS. CODE § 542A.006(a); *see id.* § 542A.006(h) (providing an exception for insurers who are in receivership). The insurer may not revoke this election, and a court may not nullify it. *Id.* § 542A.006(f).

If the insurer makes such an election *before* the claimant files the action, "no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with prejudice." *Id.* § 542A.006(b). If the insurer makes the election *after* the claimant files suit, "the court shall dismiss the action against the agent with prejudice." *Id.* § 542A.006(c). An insurer's election "is ineffective to obtain the dismissal of an action against an agent if the insurer's election is conditioned in a way that will result in the insurer avoiding liability for any claim-related damage caused to the claimant by the agent's acts or omission." *Id.* § 542A.006(e). In any event, if the insurer makes the election and

> the agent is not a party to the action, evidence of the agent's acts or omissions may be offered at trial and, if supported by sufficient evidence, the trier of fact may be asked to resolve fact issues as if the agent were a defendant, and a judgment against the insurer must include any liability that would have been assessed against the agent.

*Id.* § 542A.006(g). "In an action tried by a jury, an insurer's election . . . may not be made known to the jury." *Id.* § 542A.006(i).

We have repeatedly rejected Hernandez's contention that Chapter 542A does not apply to a lawsuit when the lawsuit is against an insurer's agents rather than the insurer itself. *See In re S. Vanguard Ins.*, No. 13-25-00451-CV, 2025 WL 3170975, at *5 (Tex. App.—Corpus Christi–Edinburg Nov. 12, 2025, orig. proceeding) (mem. op.); *In re State Nat'l Ins.*, No. 13-25-00133-CV, 2025 WL 2318636, at *5 (Tex. App.—Corpus Christi–Edinburg Aug. 11, 2025, orig. proceeding [mand. denied]) (mem. op.); *In re Trisura Ins.*, 720 S.W.3d 195, 203 (Tex. App.—Corpus Christi–Edinburg 2025, orig. proceeding); *In re Certain Underwriters at Lloyd's, London*, 720 S.W.3d 749, 756 (Tex. App.—Corpus Christi–Edinburg, orig. proceeding).[3] "While subsection (a) of [Section] 542A.006 states that "an insurer that is a party to the action may elect to accept" its agents' liability, subsection (b) explicitly allows an insurer to make an election "before a claimant files an action," and, accordingly, [Section] 542A.006 does not apply only to insurers who are named defendants in a lawsuit." *In re Certain Underwriters at Lloyd's, London*, 720 S.W.3d at 756; *see generally* TEX. INS. CODE § 542A.006.[4] Therefore, we proceed to review the merits of Germania's plea in intervention.

## C.    Analysis

We examine the factual allegations in the parties' pleadings to determine whether Germania has a justiciable interest in the lawsuit. *In re S. Vanguard Ins.*, 2025 WL

---

[3] Hernandez further argues that Germania's reliance on this Court's recent panel opinions is misplaced, and the trial court acted within its discretion because the Supreme Court of Texas's resolution of these issues was still pending at the time of the trial court's decision. However, we decline to revisit our precedent, and the Supreme Court of Texas recently denied a petition for writ of mandamus concerning these issues. *See In re State Nat'l Ins.*, No. 13-25-00133-CV, 2025 WL 2318636, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 11, 2025, orig. proceeding [mand. denied]) (mem. op.).

[4] Adjusters engaged in the business of insurance may be held individually liable. *See Liberty Mut. Ins. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998); *Lon Smith & Assocs. v. Key*, 527 S.W.3d 604, 622 (Tex. App.—Fort Worth 2017, pet. denied); *see also Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007); *Yarco Trading Co. v. United Fire & Cas. Co.*, 397 F. Supp. 3d 939, at 944–45 (S.D. Tex. 2019).

3170975, at *5; *Smith*, 523 S.W.3d at 241. As stated previously, Hernandez alleges that Galovich failed to reasonably investigate his claim and, because of Galovich's conduct, Hernandez's "claim was improperly adjusted, inadequately paid, and wrongfully denied." Hernandez argues that he is not alleging breach of contract claims or attempting to procure policy benefits and is instead pursuing only tort claims against Galovich. In its plea in intervention, Germania stated that it had elected to accept whatever liability Galovich might have to Hernandez under Section 542A.006(a), and it asserted that it possessed a justiciable interest in the lawsuit because "it is or may be liable . . . for any judgment rendered" against Galovich.

On similar facts, we have consistently held that the trial court abuses its discretion by refusing to allow an insurer to intervene in a lawsuit filed by its insured against its agent. *In re S. Vanguard Ins.*, 2025 WL 3170975, at *5; *In re State Nat'l Ins.*, 2025 WL 2318636, at *6; *In re Trisura Ins.*, 720 S.W.3d at 204; *In re Certain Underwriters at Lloyd's, London*, 720 S.W.3d at 757–58. In these cases, we reasoned that the insurers possessed justiciable interests in the lawsuits because: (1) a judgment in favor of the insureds would likely lead to an action against the insurers because the insurers had elected to accept their agents' liability under Section 542A.006; (2) the agents, as non-parties to the insurance policies, could not invoke appraisal, which might defeat the insureds' claims or parts thereof; and (3) the insureds' claims, however characterized, were factually premised on their insurance policies and the insurers' rejection of their claims. *In re S. Vanguard Ins.*, 2025 WL 3170975, at *5; *In re State Nat'l Ins.*, 2025 WL 2318636, at *6; *In re Trisura Ins.*, 720 S.W.3d at 204; *In re Certain Underwriters at Lloyd's, London*, 720 S.W.3d at 757–58. We have similarly determined that allowing the insurers to intervene

9

would not excessively multiply the issues in these lawsuits because the causes of action, defenses, and relevant facts were largely the same. *In re S. Vanguard Ins.*, 2025 WL 3170975, at *5; *In re State Nat'l Ins.*, 2025 WL 2318636, at *6; *In re Trisura Ins.*, 720 S.W.3d at 204; *In re Certain Underwriters at Lloyd's, London*, 720 S.W.3d at 757–58.

Here, Germania possesses a justiciable interest in Hernandez's lawsuit because a judgment in Hernandez's favor would likely lead to an action against Germania under section 542A.006, and Hernandez's claims, however characterized, are factually premised on his insurance policy and Germania's rejection of his claims for additional damages. Accordingly, as in our other cases, we conclude that the trial court abused its discretion by granting Hernandez's motion to strike Germania's plea in intervention. *In re S. Vanguard Ins.*, 2025 WL 3170975, at *5; *In re State Nat'l Ins.*, 2025 WL 2318636, at *6; *In re Trisura Ins.*, 720 S.W.3d at 204; *In re Certain Underwriters at Lloyd's, London*, 720 S.W.3d at 757–58. We sustain Germania's first issue.

## IV.  MOTION TO DISMISS

In its second issue, Germania asserts that the trial court abused its discretion by denying Germania's motion to dismiss Hernandez's claims against Galovich because Germania had elected to assume whatever liability Galovich has to Hernandez pursuant to Section 542A.006. *See* TEX. INS. CODE § 542A.006. As stated previously, Hernandez asserts that Section 542A.006 does not apply to his lawsuit, a contention which we have rejected.

On March 14, 2024, Hernandez filed his original petition against Galovich. On October 3, 2024, Germania elected to accept whatever liability that Galovich may have to Hernandez pursuant to Chapter 542A. The Texas Insurance Code provides that: "If a

claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election under Subsection (a) with respect to the agent, the court shall dismiss the action against the agent with prejudice." *Id.* § 542A.006(c). An insurer's election under Section 542A.006 "eviscerates any claim against an agent." *Advanced Indicator & Mfg., Inc.*, 50 F.4th at 474; *see In re S. Vanguard Ins.*, 2025 WL 3170975, at *6; *In re State Nat'l Ins.*, 2025 WL 2318636, at *7; *In re Trisura Ins.*, 720 S.W.3d at 205; *In re Certain Underwriters at Lloyd's, London*, 720 S.W.3d at 756; *see also Yarco Trading Co. v. United Fire & Cas. Co.*, 397 F. Supp. 3d 939, 949 (S.D. Tex. 2019) (stating that "the Texas Legislature crafted [Section] 542A.006(c) as a full-stop defense to claims filed against insurance adjusters in state court"). Here, because Germania made its election after suit was filed to assume whatever liability that Galovich may have to Hernandez, the Texas Insurance Code imposed a mandatory duty on the trial court to dismiss the action against Galovich with prejudice. *See* TEX. INS. CODE § 542A.006(c); *In re S. Vanguard Ins.*, 2025 WL 3170975, at *6; *In re State Nat'l Ins.*, 2025 WL 2318636, at *7; *In re Trisura Ins.*, 720 S.W.3d at 205. Therefore, we sustain Germania's second issue.

## V. REMEDY

We have concluded that the trial court abused its discretion by striking Germania's plea in intervention and denying Germania's motion to dismiss. In determining whether Germania possesses an adequate remedy by appeal to address these errors, we balance the benefits of mandamus review against the detriments. *See In re State Farm Mut. Auto. Ins.*, 712 S.W.3d 53, 59 (Tex. 2025) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 137. Requiring Germania to wait for appellate review until after a final judgment has been rendered in this case would defeat Germania's substantive rights

11

under the Texas Insurance Code and its insurance policy, severely compromise and foreclose Germania's ability to present its defenses, and waste resources in the form of the time and money that the litigants and public would incur in the interim. *See In re S. Vanguard Ins.*, 2025 WL 3170975, at *7; *In re State Nat'l Ins.*, 2025 WL 2318636, at *10; *In re Trisura Ins.*, 720 S.W.3d at 206. We thus determine that Germania lacks an adequate remedy by appeal to address these errors.

## VI. CONCLUSION

The Court, having examined and fully considered Germania's petition for writ of mandamus, Hernandez's response, Germania's reply, the record, and the applicable law, is of the opinion that Germania has met its burden to obtain relief. We conditionally grant the petition for writ of mandamus, direct the trial court to vacate its November 17, 2025 and February 6, 2026 orders, and to proceed in accordance with this memorandum opinion. Our writ will issue only if the trial court fails to promptly comply.

CLARISSA SILVA
Justice

Delivered and filed on the
2nd day of July, 2026.